The TRAVELERS INSURANCE COMPANY, Appellant,

v.

W. H. A. MEYER, Appellee.

No. 6770.

Court of Civil Appeals of Texas.

Beaumont.

June 17, 1965.

Rehearing Denied July 21, 1965.

———◆———

Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This is a compensation case. Trial was by jury, and judgment was rendered that plaintiff recover for total and permanent disability. The parties will be referred to here as they were in the trial court.

Defendant's first series of points attack the findings of the jury that plaintiff sustained an injury, that such injury was accidental, and that such injury was sustained in the course of his employment. Each finding is attacked as being supported by no evidence, by insufficient evidence and as being contrary to the great weight and preponderance of the evidence.

In passing upon the no evidence points we consider only the evidence favorable to the findings of the jury. Plaintiff testified: He was working for Texas Company as a pumper on the graveyard shift at the time he received an injury; he had gone to check the level of the water when the wind blew steam at him causing him to slip and fall; he fell three or four steps, landing on his back on the corner of the steps; no one else was around at the time of this fall. This evidence supported the findings of the jury that plaintiff sustained an accidental injury in the course of his

employment. We consider the entire record in passing upon the other points. We do not find such answers of the jury to be so contrary to the evidence as to be manifestly unjust and clearly wrong. The points are overruled.

The next series of points contended there was no evidence and insufficient evidence to support the findings of the jury that the injury was a producing cause of total and permanent disability beginning January 5, 1961, and that plaintiff's incapacity was not due solely to disease, pre-existing or subsequently occurring physical defects, prior conditions, injury or injuries sustained prior to or subsequent to January 5, 1961, or some combination thereof, and that such findings were against the great weight and preponderance of the evidence. We consider first the no evidence points and look only to the evidence favorable to such findings. Dr. Frank Wilson testified as follows: He was a full time employee of the Texas Company engaged in industrial internal medicine; plaintiff had been off from work because of sickness and Dr. Wilson examined him when he returned to work December 21, 1960; plaintiff was okayed to return to work, and was able to do his job when he returned; Dr. Wilson examined plaintiff again January 19, 1961, and plaintiff told him his back had been hurting since he returned to work; that Dr. Wilson and Dr. Walther signed a letter that plaintiff was permanently and totally disabled. The last paragraph of such letter read as follows:

> "This man is incapable of rendering any further useful service and it is recommended that he be retired because he is permanently and totally disabled."

Dr. Charles D. Walther testified as follows: That he was the head of the medical department at Texaco; that plaintiff has generalized osteoarthritis of the lumbar spine; that the osteoarthritis of the lumbar spine was one of the contributing factors to the plaintiff's being permanently and totally disabled; the condition of plaintiff's

back has some connection with plaintiff's disability; that the existence of osteo-arthritis for many years could be lighted up, aggravated or inflamed by a severe fall, especially in a person the age of plaintiff. Plaintiff testified he hurt his back when he fell and that his back was the same after more than three years since the date of the injury. This evidence supported the findings of the jury. In passing upon the other points we consider the entire record. Both Dr. Wilson and Dr. Walther testified that plaintiff's condition of being permanently and totally disabled was caused by five factors, the primary cause being a heart condition and the least cause being the osteo-arthritis. It was not necessary for the injury to be the sole cause of his incapacity for plaintiff to recover on the basis of total and permanent disability. The insurer's liability can be reduced only by alleging and proving a prior compensable general injury. This was not done. St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744. There is other evidence in the record which did no more than raise issues for the jury to decide, which it did favorably to plaintiff. We do not find the answers of the jury to be against the weight of the evidence so as to be clearly wrong or manifestly unjust. The points are overruled.

Defendant complains of the refusal of the trial court to give a series of issues inquiring as to whether any percentage of plaintiff's total incapacity was due solely to pre-existing conditions, the natural process of aging, natural causes, the advanced age of plaintiff, and if so, the period of time of such incapacity due to such causes. It is argued by defendant that the issue submitted by the court as to pre-existing conditions required the jury either to find that the incapacity was solely caused by such pre-existing conditions as a whole, or not at all, and that defendant was entitled to ask the jury whether or not some duration of the total incapacity was solely caused by such pre-existing conditions. This is a unique question which we have not seen raised before.

Defendant's first requested issue in this series inquired whether all of plaintiff's incapacity was solely due to pre-existing conditions, etc. Based upon an affirmative answer that all of plaintiff's incapacity was not solely due to pre-existing conditions, etc., the second requested issue inquired whether any period of plaintiff's incapacity was solely due to pre-existing conditions, etc. Based upon an affirmative answer, plaintiff's third requested issue inquired as to the beginning date that plaintiff's incapacity began which was solely due to pre-existing conditions, etc. This issue was followed by this instruction: "Answer by giving the period of time in dates." It is noted that the form of suggested answer does not conform with the question and could not provide an intelligent answer to the question. The next requested issue inquired whether any percentage of plaintiff's incapacity was solely due to pre-existing conditions, etc. The last requested issue based upon an affirmative answer to the preceding question, inquired as to what percentage of plaintiff's incapacity was solely due to pre-existing conditions, etc.

We hold that it is not necessary for this court to pass upon the question as to whether a defendant is entitled to have presented to a jury its affirmative defense supported by pleadings and evidence, that a part of the period of total incapacity was solely caused by pre-existing conditions, etc. The requested issues were not substantially correct as required by Rule 279, Texas Rules of Civil Procedure, because the questions asked could not provide the basis for a judgment for defendant in the form submitted. The last two issues requested inquiring as to a percent of incapacity solely caused by pre-existing conditions, etc., were not ultimate issues. As previously stated, defendant would derive no benefit or relief from a finding that a certain percent of plaintiff's incapacity was solely due to pre-existing conditions, etc., unless the condition was a prior compensable general injury. The points are overruled.

Judgment affirmed.